UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABEL JESUS DA SILVA-GUEDEZ,<br>Petitioner,<br>v.<br>ALEJANDRO MAYORKAS, *et al.*,<br>Respondents. | Case No. 1:26-cv-05403-NW<br>**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE**<br>Re: ECF No. 1 |

Jose Manuel Da Silva filed the instant petition for writ of habeas corpus as next of friend on behalf of Abel Jesus Da Silva-Guedez ("Petitioner")—a non-citizen currently detained in immigration detention at Mesa Verde Ice Processing Center. ECF No. 1 at 4. The screening requirement described in Rule 4 of the Rules Governing Section 2254 Cases is applicable to petitions for writ of habeas corpus challenging immigration detention under Section 2241. *See* Rule 1(b) (a district court may "apply any or all of these rules" to any habeas petition); *see also Bostic v. Carlson*, 884 F.2d 1267, 1269–70 (9th Cir. 1989) (affirming district court's dismissal of a Section 2241 petition under Habeas Rules 1(b) and 4). Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

A "next friend" may be permitted to file a habeas action on behalf of another individual. 28 U.S.C. § 2242 ("Application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf."). However, the next friend must have standing to pursue habeas relief. "In order to establish next-friend standing, the putative next friend must show: (1) that the petitioner is unable to litigate his own cause due to

United States District Court
Eastern District of California

United States District Court
Eastern District of California

mental incapacity, lack of access to court, or other similar disability; and (2) the next friend has some significant relationship with, and is truly dedicated to the best interests of, the petitioner." *Coal. of Clergy, Laws., and Professors v. Bush*, 310 F.3d 1153, 1159–60 (9th Cir. 2002). Additionally, an individual filing a habeas petition as a next friend may not appear without counsel because individuals appearing pro se are only permitted to represent themselves, not others. *See Cheema v. Warden*, No. 1:26-CV-00203-DC-DMC, 2026 WL 124841, at *2 (E.D. Cal. Jan. 16, 2026) (citing *Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) and *Simon v. Hartford Life*, Inc., 546 F.3d 661, 664 (9th Cir. 2008)); *see also Perez v. Bondi*, No. 25-CV-03820-AGS-MSB, 2026 WL 59785, at *1 (S.D. Cal. Jan. 7, 2026).

The Court dismisses without prejudice the petition, as currently filed, because the petition fails to include any facts describing why Petitioner is unable to litigate this petition on his own behalf. Additionally, Mr. Manuel Da Silva filed the petition pro se. Given these defects in the petition, it "plainly appears" the Court cannot evaluate the merits of Petitioner's request unless or until a proper petition is filed.

If Petitioner elects to file a new petition seeking his release, he has several options: (1) he may do so on his own behalf with counsel, (2) he may file pro se on his own behalf, or (3) a next friend may file on his behalf with counsel, though the burden is on the next friend to establish standing to pursue the action in that capacity.

Accordingly, the petition for Writ of Habeas Corpus is DISMISSED without prejudice to refiling. The Clerk of the Court is directed to close this case. This order resolves all pending motions.

**IT IS SO ORDERED.**

Dated: July 15, 2026

Noël Wise
United States District Judge